IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY POWELL,

        Plaintiff,

v.                                        NO. CIV 20-01223 MV/KK

DENIS MCDONOUGH, Secretary of the U.S.
DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO FILE SECOND AMENDED COMPLAINT (DOC. 68)**

Defendant Denis McDonough, Secretary of the U.S. Department of Veterans Affairs, respectfully requests the Court deny Plaintiff's Motion to File Second Amended Complaint (Doc. 68) because the new proposed Second Amended Complaint suffers from the same defects as her prior complaints as set forth in Defendant's Motion to Dismiss Amended Complaint for Failure to State a Claim and Memorandum in Support ("Motion to Dismiss") (Doc. 25) and Defendant's Response in Opposition to Plaintiff's Motion to File Second Amended Complaint (Doc 61). For the third time in this case, Plaintiff fails to provide the necessary factual details to assert plausible claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Therefore, the Court should deny Plaintiff's Motion as allowing Plaintiff to file her new proposed Second Amended Complaint (Doc. 68-1) would be futile.

On March 31, 2023, the Court issued its Memorandum Opinion and Order ("Opinion" "Order") dismissing Plaintiff's First Amended Complaint. Doc. 67. The Court also denied Plaintiff's Motion for Leave to Amend, (Doc. 57), filed on June 13, 2022, because Plaintiff's original proposed Second Amended Complaint, (Doc 57-1), presented "no claims that are 'plausible under the *Twombly/Iqbal* standard[;]'" therefore, "allowing her to file her Second

Amended Complaint, as drafted, would be futile." Doc. 67 at 19 (citations omitted). However, the Court was "concerned about the potential severity" of the events in Plaintiff's original proposed Second Amended Complaint and generously granted Plaintiff an opportunity to file "a motion for leave to file an amended complaint that complies with the relevant standards as detailed in this Opinion." *Id.* 19.

Plaintiff filed this second Opposed Motion to File Second Amended Complaint (Doc. 68) ("Motion") on May 30, 2023.[1] The new proposed Second Amended Complaint attached to the Motion does not remedy the factual deficiencies identified in the Court's Opinion. *See* Doc. 68-1; Doc. 67. Plaintiff continues states the legal standard and allege generalities that the Court previously ruled were insufficient to survive Rule 12(b)(6) dismissal. The Court instructed Plaintiff if she did not follow the Court's guidance and "instead proposes an amended complaint containing the same deficiencies, her motion for leave to amend will be denied." Doc. 67 at 20. Plaintiff failed to follow the Court's guidance; therefore, her Motion must be denied.

## PROCEDURAL BACKGROUND[2]

1. Plaintiff first filed her Complaint for Employment Discrimination on the Basis of Sex, Disability and Retaliation on November 23, 2020. Doc. 1.

2. Defendant filed a Motion to Dismiss for Failure to State a Claim and Memorandum in Support on March 12, 2021. Doc. 9.

---

[1] Plaintiff did not seek Defendant's position on her Opposed Motion to File Second Amended Complaint (Doc. 68), as required by the local rules. D.N.M.LR-7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). Plaintiff has offered no explanation for her failure to confer prior to filing this Motion.

[2] These facts are recited for purposes of Defendant's Response in Opposition to Plaintiff's Motion to File Second Amended Complaint only. Referencing and characterizing those facts does not waive Defendant's right to contest them later.

3. Plaintiff filed her Amended Complaint for Employment Discrimination on the Basis of Sex, Disability and Retaliation (Doc. 16) ("Amended Complaint") on March 25, 2021.

4. Defendant filed his Motion to Dismiss the Amended Complaint on June 9, 2021. Doc. 25.

5. On June 13, 2022, Plaintiff filed a Motion for Leave to Amend and attached a proposed Second Amended Complaint. *See* Docs. 57, 57-1.

6. Briefing was completed regarding Defendant's Motion to Dismiss on July 19, 2021. Doc. 32.

7. On March 31, 2023, the Court granted Defendant's Motion to Dismiss. Doc. 67.

8. On March 31, 2023, the Court denied Plaintiff's Motion for Leave to File the proposed Second Amended Complaint (Doc. 57-1) because "Ms. Powell's proposed Second Amended Complaint presents no claims that are 'plausible under the *Twombly/Iqbal* standard,' allowing her to file her Second Amended Complaint, as drafted, would be futile." Doc. 67 at 19 (citations omitted).

9. The Court further stated that due to concern about the severity of the events alleged in Plaintiff's Second Amended Complaint, "the Court will permit Ms. Powell an opportunity to file a motion for leave to file an amended complaint that complies with the relevant standards as detailed in this Opinion." *Id.*

10. Plaintiff was given 60 days to file a motion for leave with the proposed complaint attached. *Id.*

11. Plaintiff filed this Motion for Leave to Amend and her new proposed Second Amended Complaint on May 30, 2023. Doc. 68, 68-1.

12. The new proposed Second Amended Complaint (Doc. 68-1) ("new proposed Second Amended Complaint") contains only one new allegation compared to the now dismissed Amended Complaint (Doc. 16). Like Plaintiff's proposed Second Amended Complaint (Doc. 57-1), the new proposed Second Amended Complaint alleges, "On November 7, 2020, Plaintiff was removed from Federal Service." Doc. 68-1 ¶ 25; *see also* Doc. 16 ¶¶ 6-26; Doc. 57-1 ¶ 21.

13. The rest of the factual allegations in the new proposed Second Amended Complaint are almost identical to the factual allegations asserted in Plaintiff's Amended Complaint. *Compare* Doc. 16 ¶¶ 6-26 *with* Doc. 68-1 ¶¶ 6-24, 26-27.

14. The only difference between the factional allegations in the Amended Complaint and Plaintiff's new proposed Second Amended Complaint is new proposed Second Amended Complaint does not allege Plaintiff suffers from a disability relating to migraines. *Compare* Doc. 16 ¶ 8 *with* Doc. 68-1 ¶ 8; *see also* Doc. 57-1 ¶ 8 (also removing the allegation Plaintiff suffers from migraines).

15. The new proposed Second Amended Complaint differs from Plaintiff's previous original Second Amended Complaint (Doc. 57-1) in the same ways as the Amended Complaint. *See* Doc. 61 (listing substantive differences between Doc. 16 and Doc. 57-1); *compare* Doc. 68-1, Doc. 16 *with* Doc. 57-1.

16. Plaintiff's sex discrimination claim in the new proposed Second Amended Complaint is identical to her sex discrimination claim in the Amended Complaint. *Compare* Doc. 68-1 ¶¶ 29-31 *with* Doc. 16 ¶¶ 28-30. She alleges, "The discrimination consisted of Defendant having Powell subject to a hostile work environment as stated above, having derogatory comments made about Plaintiff 'giving blow jobs' while at work, being denied training, being reassigned multiple times and being suspended for 5 days." Doc. 68-1 ¶ 30.

17. Plaintiff's disability discrimination claim in her new proposed Second Amended Complaint has the following differences compared to the disability discrimination claim in the Amended Complaint:

- Plaintiff alleges Defendant discriminated against her in violation of the Rehabilitation Act. Doc. *Compare* Doc. 68-1 ¶ 33 *with* Doc. 16 ¶ 32 (alleging Defendant violated the Americans with Disabilities Act).

- Plaintiff alleges, "Plaintiff suffers from PTSD. Powell's disability affects her daily activities of sleep, and her cognitive functions." Doc. 68-1 ¶ 34.

- Plaintiff alleges, "The discrimination consisted of Defendant having Powell subjected to a hostile work environment, derogatory comments, *and was terminated*. Also being denied training, being reassigned multiple times and being suspended for five days." Doc. 68-1 ¶ 35 (emphasis added); *see* Doc. 16 ¶ 33.

18. Plaintiff's retaliation claim in the new proposed Second Amended Complaint is identical to her retaliation claim in the Amended Complaint. *Compare* Doc. 68-1 ¶¶ 38-40 *with* Doc. 16 ¶¶ 36-38. She alleges, "The retaliation consisted of Defendant having Powell subjected to a hostile work environment as stated above, being denied training, being threatened by a supervisor, being reassigned multiple times and being suspended for five days." Doc. 68-1 ¶ 39; Doc. 16 ¶ 37.

## STANDARD OF REVIEW

If a party has already amended a pleading once as a matter of course pursuant to Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," *id.*, it may decline to do so "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S.W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Invs. Servs.*, 175 F.3d 848, 859 (10th Cir.

1999). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if a plaintiff fails to state a claim upon which the court can grant the requested relief. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A plaintiff must furnish "more than labels and conclusions"— "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.; see also Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("[W]hile Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims.").

## ARGUMENT

"The *Iqbal-Twombly* standard should be familiar enough by now to attorneys who file civil rights cases in federal court." *Bobelu-Boone v. Wilkie*, 526 F. Supp. 3d 971, 985 (D.N.M. 2021), *appeal dismissed sub nom. Bobelu-Boone v. McDonough*, No. 21-cv-2038 WJ/KK, 2021 WL 8155001 (10th Cir. May 26, 2021). Nevertheless, Plaintiff seeks to file yet another complaint riddled with conclusory allegations that fail to plausibly suggest that Defendant is liable for discrimination or retaliation.

As the Tenth Circuit explained, "there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement." *Khalik*, 671 F.3d at 1194. For example, "[s]he should know details about how Defendant treated her compared to other . . . employees" who did not share her protected characteristics, and "[s]he should know why she

believed [the challenged] action" was connected with discriminatory animus." *Id.* Furthermore, "[s]he should know who she complained to about the discrimination, when she complained, and what the response was." *Id.*

Plaintiff has failed for a fourth time to plead the factual details that would make Plaintiff's claims of discrimination and retaliation plausible. *See* Docs. 1, 16, 57-1, 67, and 68-1. The Court specifically identified the necessary factual details for Plaintiff to nudge "'[her] claims across the line from conceivable to plausible'" in its Opinion. *See* Doc. 67. However, instead of following the Court's guidance, Plaintiff proposes to file a complaint that is almost identical to her Amended Complaint. As set forth in Defendant's Motion to Dismiss (Doc. 25), Defendant's Reply in Support of his Motion to Dismiss Amended Complaint for Failure to State a Claim (Doc. 31), and Defendant's Response in Opposition to Plaintiff's Motion to File Second Amended Complaint (Doc. 61), and incorporated in this pleading, Plaintiff's new proposed Second Amended Complaint is futile because it is subject to the dismissal for the same reasons as the Amended Complaint.

**I.     Amendment Would Be Futile as to Count I (Sex Discrimination) Because the New Proposed Second Amended Complaint is Identical to the Sex Discrimination Claim Dismissed in the Amended Complaint.**

Plaintiff asserts the same two theories of sex discrimination in her new proposed Second Amended Complaint as her Amended Complaint. Doc. 68-1 ¶¶ 29-31; Doc. 16 ¶¶ 28-30. Plaintiff asserts: "(1) she was subject to a hostile work environment because of her supervisor's derogatory sexual comments, and (2) she experienced adverse employment actions when she was denied training, reassigned, and suspended." Doc. 67 at 5; *see also* Doc. 68-1 ¶¶ 29-31; Doc. 16 ¶¶ 28-30.

The Court ruled Plaintiff's Amended Complaint failed to allege facts to support a plausible hostile work environment claim. *Id.* 5-10. "To state a hostile work environment claim, a plaintiff must allege enough facts to support a plausible inference that 'the work environment is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter

7

the conditions of the [plaintiff's] employment and create an abusive working environment.'" *Id.* at 5-6 (quoting *Brown v. LaFerry's LP Gas Co., Inc.*, 708 F. App'x 518, 520 (10th Cir. 2017)). The Court concluded Plaintiff failed to allege sufficient facts:

> As noted above, the Amended Complaint contains only one paragraph to support Ms. Powell's hostile work environment claim, referring generally to "derogatory sexual remarks" made by an unidentified supervisor, and providing the substance of only one such remark, noting vaguely that it was made "several times," and failing to identify to whom the remark was made, in whose presence the remark was made, where it was made, and whether it was made to Ms. Powell and/or to others at her workplace. . . the Amended Complaint lacks any factual detail about the making of this comment, the making of the other derogatory sexual remarks to which the Amended Complaint only generally mentions, the ways in which these comments combined with any other differential treatment that led to her eventual termination, or any other facts that, taken together in their totality, would support a plausible finding or inference of pervasive or severe harassment based on sex.

*Id.* at 8.

The exact same hostile work environment claim is made in Plaintiffs' new proposed Second Amended Complaint. Doc. 68-1 ¶¶ 29-31; Doc. 16 ¶¶ 28-30. Plaintiff does not add the factual information the Court identified in its opinion regarding the derogatory sexual comments. *See* Doc. 68-1. Plaintiff once again insufficiently makes threadbare allegations of isolated incidents which fall short of the "steady barrage of opprobrious [sex-based] comments" required to state a plausible hostile work environment claim based on pervasive conduct. Doc. 67 at 7-8 (quoting *Herrera v. Lufkin Indus.*, 474 F.3d 675, 680 (10th Cir. 2007)).

Plaintiff's new proposed Second Amended Complaint similarly fails to plausibly allege an adverse employment basis for her sex discrimination claim. "To state a prima facie case of discrimination based on adverse employment actions, a plaintiff must establish that: (1) she 'belongs to a protected class,' (2) she 'suffered an adverse employment action,' and (3) 'the adverse employment action occurred under circumstances giving rise to an inference of discrimination.'" Doc. 67 at 5-6 (quoting *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177,

1181 (10th Cir. 2002). "[W]hile the courts do not 'mandate the pleading of any specific facts in particular,' there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement." *Id.* at 6 (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012)). "For instance, 'a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation.'" *id.* (quoting *Anupama Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019)) (citation omitted). "A plaintiff should have—and must plead—at least some relevant information to make the claims plausible on their face." *Id.* "Accordingly, 'conclusory and formulaic recitations' and 'general assertions' of discrimination, 'without any details whatsoever,' are 'insufficient to survive a motion to dismiss.'" *Id.* (quoting *Khalik*, 671 F.3d at 1193).

The Court ruled that Plaintiff's Amended Complaint failed to "'include enough context and detail to link the allegedly adverse employment action[s]" of being denied training, reassignment multiple times and her five day suspension "to a discriminatory or retaliatory motive with something besides sheer speculation.'" *Id.* at 10 (quoting *Bekkem*, 915 F.3d at 1275). The Court reasoned that while it does "not mandate the pleading of any specific facts in particular, . . . [Plaintiff] should know why she believed that [the denial of training, reassignments, and suspension were] connected with discriminatory animus.' Yet she "offers none of this detail." *Id.* at 11 ((quoting *Khalik*, 671 F.3d at 1194) (internal citation omitted)). Instead, the Court held "Ms. Powell's claim is based solely on the fact that she is a woman and that she was denied training, reassigned multiple times, and suspended five times. ' Without more, her claim [ is] not plausible under the *Twombly/Iqbal* standard.'" *Id.*

Plaintiff raised the argument in her Response to Defendant's Motion to Dismiss the Amended Complaint (Doc. 29) that she pled sufficient facts of actions taken against her related to

her sex by "pointing to 'factual statements' describing adverse actions taken against her," such as she was denied training, reassigned multiple times, suspended for five days, and subjected to multiple investigations, "in combination with 'direct evidence related to her sex because of the comments about 'blow jobs while working.'" Doc. 67 at 11 (quoting Doc. 29 at 6-7.). The Court, however, ruled that the sexual comments attributed to Plaintiff's supervisor are "'circumstantial or indirect evidence, and not direct evidence of discrimination.'" *Id.* at 11-12 (quoting *Ramsey v. Denver*, 907 F.2d 1004, 1008 (10th Cir. 1990)). "As such, they do not, in and of themselves, 'inevitably prove that [sex] played a part' in the adverse actions alleged by Ms. Powell and thus do not absolve her of the obligation to allege sufficient detail to link those adverse actions to a discriminatory animus." *Id.* at 12. (quoting *Ramsey*, 907 F.2d at 1008).

Plaintiff's new proposed Second Amended Compliant does not contain any new allegations to link the allegedly adverse employment actions to a discriminatory animus. *See* Doc. 68-1. She continues to rely on the same circumstantial evidence the Court previously ruled was insufficient. Doc. 68-1 ¶¶ 6-24, 29-31; Doc. 67 at 11-12. The only new factual allegation in Plaintiff's new proposed Second Amended Complaint is that she was terminated on November 7, 2020. Doc. 68-1 ¶ 25. However, this new allegation is insufficient to cure the defects of Plaintiff's sex discrimination claim. *See* Doc. 67 at 18 ("Apart from alleging an adverse action (termination) that necessarily must have occurred after her alleged reporting of her supervisor's sexual remarks, the addition of this allegation does not remedy the Amended Complaint's identified insufficiencies."). Just as Plaintiff's Motion for Leave to Amend and her proposed Second Amended Complaint (Doc. 57, 57-1), Plaintiff's new proposed Second Amended Complaint "does not provide facts detailing any connection between her removal from federal service and either her sex, her disability, or her engagement in protected opposition to unlawful discrimination." Doc. 67 at 19. The sex

10

discrimination claim in Plaintiff's new proposed Second Amended Complaint is futile as it contains the same factual insufficiencies as Plaintiff's Amended Complaint. *See* Doc. 67.

> II. **Amendment Would Be Futile as to Count III (Retaliation) Because the New Proposed Second Amended Complaint is Identical to the Sex Discrimination Claim Dismissed in the Amended Complaint.**

In Count III of the new proposed Second Amended Complaint, Plaintiff alleges that Defendant retaliated against her "in the terms and conditions of her employment for opposing discrimination in the workplace in violation of Title VII." Doc. 68-1 ¶ 38. Plaintiff further alleges that the retaliation "consisted of Defendant having Powell subjected to a hostile work environment as stated above, being denied training, being threatened by a supervisor, being reassigned multiple times and being suspended for five days." This retaliation claim is identical to the retaliation claim in the Amended Complaint dismissed by the Court. Doc. 67 at 12-15; *compare* Doc. 68-1 ¶¶ 6-24, 38-40 *with* Doc. 16 ¶¶ 6-24, 36-38.

To state a prima facie case of retaliation under Title VII, "a plaintiff 'must show: (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" Doc. 67 at 12 (quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1219 (10th Cir. 2013)). The Court held Plaintiff's Amended Complaint failed to plead sufficient facts to establish she was engaged in protected opposition to discrimination and that a causal connection existed between the protected activity and the materially adverse action. *Id.* at 12-15. Like a sex discrimination claim, the Court "does 'not mandate the pleading of any specific facts in particular,' to satisfy the plausibility requirement in the context of a retaliation claim, a plaintiff 'should know who she complained to about the discrimination, when she complained, and what the response was.'" *Id.* at 12 (quoting *Khalik*, 671 F.3d at 1194). However, the Court found "Ms. Powell 'offers none of this detail.'" *Id.* at 12-13.

Likewise, Plaintiff "offers none of this detail" in her new proposed Second Amended Complaint. The Court held Plaintiff's Amended Complaint did "not include *any* factual statements describing Ms. Powell's engagement in protected opposition to discrimination." Doc. 67 at 13. The Court found the only allegation that "even alludes to such engagement" was: "'On [March] 5, 2019 Plaintiff was informed that she had been reassigned for reporting sexual comments." *Id.* (quoting Doc. 16 ¶ 20). The Court further reasoned:

> But this statement is not accompanied by any factual detail as to when Ms. Powell reported sexual comments, the temporal relationship between her reporting of sexual comments and her reassignment, the identity of the individual[s] to whom she reported those comments, the identity of the individual[s] who reassigned her, the identity of the individual[s] who informed her of the reason for her reassignment, or the relationship between the individual[s] to whom she reported sexual comments and the individual[s] who reassigned her. Without any of this detail, Ms. Powell's claim of retaliation is "not plausible under the *Twombly/Iqbal* standard." *Khalik*, 671 F.3d at 1194[.]

*Id.* Plaintiff's new proposed Second Amended Complaint similarly only contains the allegation that on March 5, 2019, Plaintiff was informed that she had been reassigned for reporting sexual comments. Doc. 68-1 ¶¶ 20, 6-24. Plaintiff does not offer any of the factual details identified by the Court in its Opinion. *See* Doc. 67 at 13. Therefore, like the retaliation claim asserted in Plaintiff's Amended Complaint, Plaintiff's retaliation claim in this new proposed Second Amended Complaint is fatally flawed and is not plausible pursuant to the *Twombly/Iqbal* standard.

Additionally, Plaintiff's new proposed Second Amended Complaint is devoid of any allegations whether the "unnamed individuals who reassigned her knew that she had reported the comments." Doc. 67 at 13; *see* Doc. 68-1 ¶¶ 6-27. Therefore, like the retaliation claim in her Amended Complaint, Plaintiff has failed to meet "the third element of a retaliation claim, namely, a causal connection . . . between the plaintiff's protected opposition and the adverse action against her[.]" *Id.* at 13-14. To do so a plaintiff "'must show that the individuals who took adverse action

against [her] knew of [her] protected opposition."' *Id.* at 14 (quoting *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009). The Court held Plaintiff's Amended Complaint did not "'allege any facts plausibly suggesting' that whoever was responsible for the adverse actions taken against her knew that she had reported sexual remarks." *Id.* "For this reason alone, Ms. Powell 'has not nudged [her] claims across the line from conceivable to plausible.'" *Id.* (quoting *Davis v. BAE Sys. Tech. Solutions & Servs. Inc.*, 764 F. App'x 741, 747 (10th Cir. 2019)).

Plaintiff's new proposed Second Amended Complaint is just as unclear as the Amended Complaint as to whether Ms. Powell's report of sexual remarks "in fact preceded her reassignment." Doc. 68 at 14. The Court ruled that Plaintiff's Amended Complaint:

> [I]t is impossible to discern whether the other adverse actions alleged in the Amended Complaint to support her retaliation claim, namely the denial of training, threats by a supervisor, reassignment, and suspension, occurred before or after she allegedly reported sexual comments. Indeed, the very same adverse actions and hostile work environment that Ms. Powell appears to allege constitute retaliatory conduct are the same actions and environment that she alleges constitute the original discriminatory conduct of which she complained. *Compare* Doc. 16 ¶ 37 with Doc. 16 ¶ 29. But "[l]ogic dictates that [Defendant] could not have been motivated to take an adverse action as a result of something that happened after the alleged adverse action was taken." *Burden v. Isonics Corp.*, No. 09-cv-01028-CMA-MJW, 2009 WL 3367071, at *6 (D. Colo. Oct. 15, 2009). Accordingly, because "it is not possible to discern whether the protected activity preceded the alleged adverse action such that the activity could have resulted in the adverse action," the Amended Complaint "does not allege facts sufficient to state a plausible casual connection between the protected activity and the employment action." *Fallon v. CTSC, L.L.C.*, No. 13-cv-176, 2013 WL 9853376, at *12 (D.N.M. Sept. 26, 2013).

*Id.* at 14-15. The Court further rejected Plaintiff's argument in her Response that the adverse actions occurred "'after the complaints' she made to her supervisors" because it was not included in the allegations in the Amended Complaint. *Id.* at 15 (quoting Doc. 29 at 8). The same fundamental factual allegation is also missing from Plaintiff's new proposed Second Amended Complaint. Doc. 68-1 ¶¶ 6-27.

13

**III.   Amendment Would Be Futile as to Count II (Disability Discrimination) Because the New Proposed Second Amended Complaint Alleges No Facts Connecting Any Purported Discrimination to Plaintiff's Disabilities.**

"To adequately state a disability discrimination claim, a plaintiff must 'allege facts sufficient to establish [a] connection between her allegations and her disability.'" Doc. 67 at 16 (quoting *Olonovich v. FMR-L.L.C. Fid. Invs.*, No. 15-cv-599 SCY/WPL, 2016 WL 9777193, at *7 (D.N.M. June 21, 2016)). "In determining whether an actionable hostile work environment existed," the Court looks to whether, *inter alia*, "the plaintiff was subjected to [an] abusive environment *because of her [protected] class*." *Id.* Plaintiff alleges that she is disabled, but the new proposed Second Amended Complaint does not allege any facts showing that the purported discrimination had anything to with her disabilities. Therefore, amendment of Count II would be futile.

Plaintiff's disability discrimination claim contains the new allegation of: "Plaintiff suffers from PTSD. Powell's disability affects her daily activities of sleep, and her cognitive functions." Doc. 68-1 ¶ 34.[3] Plaintiff also now references her termination in her conclusory allegation that the "discrimination consisted of Defendant having Powell subjected to a hostile work environment, derogatory comments and was terminated. Also being denied training, being reassigned multiple times and being suspended for five days." *Id.* ¶ 35. However, there are no new factual allegations establishing the alleged discrimination she encountered was due to her alleged disability. Doc. 68-1 ¶¶ 6-27. The only differences between the factual allegations supporting Plaintiff's disability discrimination claim in the new proposed Second Amended Complaint and her Amended

---

[3] Defendant will assume that Plaintiff has sufficiently alleged that she is disabled within the meaning of the Rehabilitation Act. *But see Clancy v. Miller*, 837 F. App'x 630, 636 (10th Cir. 2020) (plaintiff must proffer expert testimony to diagnose PTSD and link the diagnosis to substantial limitation of a major life activity to withstand summary judgment on a Rehabilitation Act claim), *cert. denied*, — S. Ct. —, 2021 WL 1241012 (Apr. 5, 2021).

Complaint is that Plaintiff no longer includes migraines as part of her disability, and she was removed from federal service on November 7, 2020. *Compare* Doc. 68-1 ¶¶ 6-27 *with* Doc. 16 ¶¶ 6-27.

The Court dismissed Plaintiff's disability discrimination claim in her Amended Complaint because the Amended Complaint was "devoid of allegations that, if proven, would establish that Ms. Powell was subjected to a hostile work environment or otherwise discriminated against because of her disability." Doc. 67 at 17. While a plaintiff is not required to prove animas in her complaint, "she must still set out facts making it plausible to believe that Defendant's acts were [] motivated" by animas towards her protected class. *Bobelu-Boone*, 526 F. Supp. 3d 971, 984 (D.N.M. 2021); *see also Khalik*, 671 F.3d at 1194 (finding allegations insufficient to allege discrimination where, *inter alia*, plaintiff provided "nothing other than sheer speculation to link the arm-grabbing and/or termination to a discriminatory [] motive"). Regarding Plaintiff's Amended Complaint, the Court found:

> Here, Ms. Powell "alleges no facts that her supervisors or co- workers insulted or ridiculed her due to her alleged disability." *Olonovich*, 2016 WL 9777193, at *7. "In fact, nowhere does [Ms. Powell] allege any facts that her disability was negatively commented on by anyone in her work environment." *Id.* Nor does Ms. Powell allege any facts that would establish a connection between her multiple reassignments and/or her suspension and her disability.

*Id.* at 16. The Court further reasoned, "Ms. Powell's claim is based solely on the facts that she is disabled, that she was subject to a hostile work environment, that she was reassigned, and that she was terminated. Without 'some further detail," her claim of disability discrimination "is not plausible under the *Twombly/Iqbal* standard.'" *Id.* at 17 (quoting *Khalik*, 671 F.3d at 1194).

Plaintiff's disability discrimination claim in her new proposed Second Amended Complaint is similarly implausible under the *Twombly/Iqbal* standard. The new proposed Second Amended Complaint provides no factual information as to whether anyone at the VA insulted or

15

ridiculed Plaintiff due to her alleged disability or if anyone made any negative comments about her disability. *See* Doc. 68-1 ¶¶ 6-27. Nor does the new proposed Second Amended Complaint allege any facts that establish a connection between her reassignments, suspension, and termination and her disability. *Id.* Count II of Plaintiff's new proposed Second Amended Complaint offers "nothing other than sheer speculation to link" these acts "to a discriminatory . . . motive." *Khalik*, 671 F.3d at 1194. "This is the kind of speculation that fails to meet Rule 8's pleading standard." *Allen v. Adams*, No. 21-3208, 2022 WL 680336, at *3 (10th Cir. Mar. 8, 2022), *cert. denied*, 142 S. Ct. 2889 (2022).

Plaintiff's disability discrimination claim is therefore futile as it would be dismissed for the same reasons as her disability discrimination claim in her Amended Complaint. *See* Doc. 67 at 15-17.

## CONCLUSION

The new proposed Second Amended Complaint offers only conclusory allegations regarding Plaintiff's sex discrimination, disability discrimination and retaliation claims without any factual support. "Without more, her claim[] [is] not plausible under the *Twombly/Iqbal* standard." *Khalik*, 671 F.3d at 1194. For the foregoing reasons, the Court should conclude that the new proposed Second Amended Complaint is futile and would be dismissed for the same reasons as the Amended Complaint.

Plaintiff ignored the Court's guidance in its Opinion as to the factual information needed to survive a Rule 12(b)(6) dismissal in her new proposed Second Amended Complaint. *See* Doc. 68-1. Plaintiff should not be offered additional chances to amend or move to amend as Plaintiff failed once again to provide the details needed to state plausible discrimination and retaliation claims despite clear instructions from the Court.

Therefore, Defendant requests the Court 1) deny Plaintiff's Motion for Leave to File Second Amended Complaint (Docs. 68, 68-1); 2) issue a final order dismissing this case with prejudice; and 3) order any additional relief the Court deems necessary.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Maria S. Dudley 6/13/23*
Maria S. Dudley
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1417; Fax: (505) 346-7205
maria.dudley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2023, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Maria S. Dudley 6/13/23*
Maria S. Dudley
Assistant United States Attorney